NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30026 |
| Plaintiff-Appellee, | D.C. No. 2:07-cr-02039-SAB-1 |
| v. | |
| THOMAS DWAIN ANDY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, District Judge, Presiding

Submitted November 18, 2019[**]

Before:    CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Thomas Dwain Andy appeals from the district court's judgment and challenges the 24-month custodial sentence and 8-month term of supervised release imposed upon his second revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Andy contends that the statutory maximum custodial sentence is substantively unreasonable. The district court did not abuse its discretion in light of the 18 U.S.C. § 3583(e) sentencing factors and totality of the circumstances, including the nature and circumstances of the violations. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). Moreover, contrary to Andy's contention, the record reflects that the district court relied on only proper sentencing factors. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

Andy also contends that the district court procedurally erred by failing to explain the term of supervised release adequately. We review for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court sufficiently explained its reasons for imposing the term of supervised release by adopting the government's argument that the term was necessary to afford adequate deterrence and to protect the public. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, contrary to Andy's contention, the term of supervised release is substantively reasonable. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

19-30026